FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ MAY 03 2011 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
ALFRED R. ALLEN,
                           Petitioner,

     -against-

UNITED STATES ATTORNEY GENERAL,

                         Respondent.
----------------------------------------------------------X

**MEMORANDUM & ORDER**

11-CV-1966 (SLT)

**TOWNES, United States District Judge:**

On April 18, 2011, petitioner Alfred R. Allen filed this pro se "Order to Show Cause" and "Memorandum of Law in Support of Order to Show Cause for Preliminary Injunction Restraining Order" seeking review of an Order of Deportation pursuant to Rule 7.1 of the Federal Rules of Civil Procedure. Allen is not presently incarcerated, though this action has been classified as a petition under 28 U.S.C. § 2241 on the Court's docket, and there are conflicting civil cover sheets. (Compare Docket No. 1 at 10 and Attach. 1). In any event, Allen's papers make clear that he has filed this claim "to remove [the] deportation order until a final disposition" of this action. (Id. at 2). For the reasons set forth below, the petition is dismissed.

## BACKGROUND

Allen's brief memorandum of law in support of his application reveals the true substance of his claim. Specifically, Allen alleges that his

> two misdemeanor convictions for the possession of drugs was treated as aggravated felonies under the INA [Immigration and Nationality Act]. I have been placed in deportation proceedings and am waiting for removal from the United States. My permanent resident status had been unlawfully rescinded without following the proper statutory and regulatory procedures and that the U.S. C.I.S. [Citizenship and Immigration Services] violated my due process rights.

(Id. at 2). Additionally, the exhibits attached to Allen's submission reveal his history with the Department of Homeland security. After five New York state convictions between 2001 and 2005

for minor offenses, including three convictions for seventh degree criminal possession of a controlled substance, (id. at 9), Allen was ordered excluded or deported in a Final Order of Removal, dated August 7, 2006, (id. at 7). As of June 27, 2007, the Department of Homeland Security Immigration and Customs Enforcement ("ICE") had not effected Allen's deportation or removal within the period prescribed by law, so the agency entered an order of supervision. (Id.). On March 25, 2008, Allen began the Intensive Supervision Appearance Program, (id. at 9), and he last reported to ICE on March 24, 2011, (id. at 6). It appears from the exhibits that Allen is unable to work because of his immigration status, that he resides in substandard housing, and that he relies on his daughters for support. (Id. at 5, 9). Allen's submission is silent as to whether he filed a petition for review of the Order of Removal.

## DISCUSSION

As noted, Allen labels this action as an "Order to Show Cause" pursuant to "Rule 7.1 of the Federal Rules of Civil Procedure." (Id. at 1). Nevertheless, "[i]t is routine for courts to construe [pro se] petitions without regard to labeling in determining what, if any, relief the particular petitioner is entitled to." Rosenthal v. Killian, 667 F. Supp. 2d 364, 366 (S.D.N.Y. 2009) (quoting Chambers v. United States, 106 F.3d 472, 475 (2d Cir. 1997)). Rule 7.1 concerns the filing of disclosure statements and has no application to Allen's allegations. Instead, a plain reading of Allen's submission indicates that he seeks "to remove [the] deportation order." (Docket No. 1 at 2). Accordingly, Allen's petition is properly viewed as an application for review of the August 7, 2006, Final Order of Removal – an action over which this Court does not have jurisdiction.

On May 11, 2005, Congress enacted the REAL ID Act of 2005 ("the Act"), Pub. L. No. 109-13, § 106 (a)(1)(B), 119 Stat. 231, which among other things, provides:

> [a] petition for review filed with the appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this Act.

The Act specifically states that these provisions shall take effect on the enactment date and shall apply to cases "in which the final administrative order of removal, deportation, or exclusion was issued before, on, or after the date of the enactment of this Act." This Court cannot hear Allen's case because, under the Act, a request for stay of removal must be filed in the Second Circuit Court of Appeals.

This Court declines, however, to transfer the action to the Second Circuit in the interest of justice, pursuant to 28 U.S.C. § 1631, because it appears that Allen's request is untimely. Indeed, a petition concerning deportation must be filed "not later than 30 days after the date of the final order of removal," 8 U.S.C. § 1252(b)(1), which is a "a strict jurisdictional prerequisite," De Ping Wang v. Dep't of Homeland Sec., 484 F.3d 615, 618 (2d Cir. 2007). As noted, the Final Order of Removal against Allen was issued more than four years ago and there is no indication that Allen filed a petition for review of that decision. (Docket No. 1 at 7).

## CONCLUSION

For the reasons set forth above, the Court must dismiss Allen's action without prejudice for lack of jurisdiction. 8 U.S.C. § 1252(a)(5). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962). The Clerk of Court is respectfully directed to close this case.

**SO ORDERED.**

SANDRA L. TOWNES
United States District Judge

Dated: April 28, 2011
Brooklyn, New York

3